# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |
|---|---|
| **ANTONIO CARPENTER,** | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:24-cv-01226-STA-jay |
| **ROBERT ADAMS,** | ) |
| Respondent. | ) |

**ORDER DENYING PETITIONER'S *PRO SE* MOTION (ECF No. 18),
DIRECTING PETITIONER TO FILE AMENDED § 2254 PETITION,
AND DIRECTING CLERK TO SEND FORM**

Petitioner Antonio Carpenter, Tennessee Department of Correction prisoner number 308289, an inmate at the Hardeman County Correctional Facility ("the HCCF") in Whiteville, Tennessee, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"). (ECF No. 2.) Petitioner paid the $5.00 habeas filing fee. (ECF No. 15.) The Petition is before the Court on preliminary review. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules.")

Petitioner challenges his Tennessee convictions for premeditated first degree murder, especially aggravated kidnapping, and especially aggravated robbery, and the resulting sentence of life without the possibility of parole. (*See* ECF No. 1 at PageID 3.) Petitioner alleges that the state trial court lacked jurisdiction to impose Petitioner's sentence. (*Id*.) Petitioner also alleges that the prosecution "failed to prove jurisdiction." (*Id*.) Petitioner seeks "immediate release." (*Id*.)

Petitioner does not explain why the state trial court lacked jurisdiction to sentence him or otherwise support his grounds for habeas relief with factual allegations. (*See id*.) Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), requires a petitioner to state "all grounds for relief" and "the facts supporting each ground." "Dismissal under Habeas Rule 2(c) is appropriate in cases where it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication." *Everett v. Leibach*, No. 2:15-cv-02099-MSN-tmp, 2019 WL 13275820, at *13 (W.D. Tenn. Nov. 18, 2019). The allegations in the Petition are not sufficiently pled under Habeas Rule 2(c).

Petitioner's self-styled motion to amend (ECF No. 18) provides no additional factual support for his claims. Petitioner merely notifies the Court that Robert Adams is no longer the Warden at the HCCF. (*Id*.) Petitioner asks the Court to name CoreCivic as Respondent. (*Id*.) "[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Because Petitioner does not identify the new warden at the HCCF and because CoreCivic is not a proper respondent, Petitioner's motion (ECF No. 18) is **DENIED**.

Under Habeas Rule 2(d), a § 2254 petition "must substantially follow either the form appended to [the Habeas Rules] or a form prescribed by a local district-court rule." This district uses the form published by the Administrative Office of the United States Courts. Petitioner did not use the official form, and as a result, did not provide information that is required by that form and necessary for the Court's preliminary review.

Accordingly, Petitioner is **ORDERED** to file an amended petition that substantially follows the district's official § 2254 form no later than 28 days from the entry date of this order.

The amended petition must be signed by Petitioner under penalty of perjury. Each issue must be listed in the text of the form petition or on separate sheets that conform to the format of Pages 6-7 of the form petition. If Petitioner needs additional time to file an amended petition, he may file a motion seeking an extension of time on or before the due date for his amendment.

Failure to file a timely amended petition will result in dismissal of the Petition and the case without further notice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk is **DIRECTED** to send Petitioner a § 2254 form.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 2, 2025